IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 06-03036-01-CR-S-ODS |
| MICHAEL ADKINS, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. The matter was previously before the Court on defendant's Motion to Suppress. Two hearings were held before the undersigned on defendant's motion. After the second hearing, defendant filed a Response to Request to Produce Rebuttal Witnesses. In that pleading, defendant requested the opportunity to present rebuttal witnesses on behalf of defendant. Although the Court reviewed defendant's request, and found that the request should be denied, that finding was inadvertently omitted from the Court's original Report and Recommendation.

To clarify the record, therefore, the Court will delineate its reasons for rejecting defendant's request to present rebuttal witnesses. According to defendant's request, he seeks to present the testimony of Brandon Stafford, Chelsea Stafford, and Marissa Bowers. He submits that these witnesses would testify regarding defendant's relationship with Kristen Parker, to the effect that they had never seen defendant strike Ms. Parker. It is also submitted that the witnesses would testify regarding whether Ms. Parker lived with defendant, and would state that

she only lived there off and on, or occasionally, or that defendant had requested that she leave his residence. All three witnesses would testify that Ms. Parker is a methamphetamine addict and known to be a liar and/or a thief.

Initially, it is important to note that none of these witnesses dispute the fact that Ms. Parker did live with defendant at different times. Additionally, there has been no representation to the Court that these witnesses had any knowledge where Ms. Parker resided at the time in question.

In the report and recommendation, the Court weighed the credibility of the witnesses who testified, and found, based on the totality of the circumstances, that the testimony of the officers was credible. Specifically, the officers testified that they had responded to numerous calls regarding domestic disputes at defendant's residence. Two of the officers, Corporal Gibson and Corporal Adkins, testified regarding responding to calls regarding assaults on Ms. Parker by defendant. They interviewed her, and photographed her injuries, which substantiated the fact that she had been assaulted. Corporal Gibson testified at length about the numerous occasions when he had been called to defendant's residence at 3002 North Quail regarding domestic violence, and the fact that Ms. Parker was defendant's girlfriend, appeared to live at that residence, and he had never seen her anyplace else. When she signed the consent to search form, she indicated that it was her residence.

The Court finds, after careful review, that the conclusions reached in the original report and recommendation would not be altered by the testimony of defendant's rebuttal witnesses. There is more than ample evidence in the record to conclude that the officers who testified had numerous reports of domestic violence involving Ms. Parker at defendant's residence on various occasions. These incidents clearly tie Ms. Parker to defendant's residence. Additionally, the

fact of reports of assault and kidnaping were sufficient to support a protective sweep of defendant's residence, and the search warrant that ensued was supported by probable cause. The officers also testified that they believed Ms. Parker lived with defendant, given the number of times they had seen her at 3002 N. Quail, and they had no reason to believe that she did not live there. Therefore, the Court finds that the testimony of these rebuttal witnesses regarding the veracity of Ms. Parker would not serve to assist the Court in its determination, given that the report and recommendation was based on the credible testimony of the officers and the evidence presented at the hearings. The Court would also note that there have been numerous continuances in this case, and that the interests of justice would not be served by further delay for an unnecessary third hearing.

Accordingly, it must be recommended that Defendant's Response to Request to Produce Rebuttal Witnesses be denied. It will further be supplementally recommended that defendant's motion to suppress be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Response to Request to Produce Rebuttal Witnesses be denied. It is further

SUPPLEMENTALLY RECOMMENDED that defendant's Motion to Suppress be denied.

/s/ James C. England
JAMES C. ENGLAND
Chief United States Magistrate Judge

Date: October 24, 2008