IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-3036-01-CR-S-ODS |
| ) | |
| MICHAEL ADKINS, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS

On September 5, 2008, the Honorable James C. England, Chief Magistrate Judge for the Western District of Missouri, issued his Report and Recommendation recommending that Defendant's Motion to Suppress (Doc. # 52) be denied. Defendant filed timely objections.[1] Upon de novo review of the Record, the Court is persuaded that the Report's conclusions and resulting recommendation are correct.

Defendant contends that law enforcement's entry into his residence on September 9, 2005, was not supported by exigent circumstances and was therefore unlawful. Defendant also challenges two search warrants for his residence, one dated September 10, 2005, and one dated November 16, 2005. Defendant additionally challenges a consent search of his residence on December 22, 2005. Finally, Defendant argues that statements he made to law enforcement on January 24, 2006, were procured in violation of his Fifth Amendment rights. Defendant objects to the Report's conclusions that each of these events was lawful. The Court overrules

---

[1] On October 24, 2008, Judge England issued a Supplemental Report and Recommendation (Doc. # 89) denying Defendant's Request to Produce Rebuttal Witnesses (Doc. # 82). Neither party filed objections and the time for doing so has passed. 28 U.S.C. § 636(b)(1)(C); Local Rule 74.1(a)(2). Accordingly, Judge England's Supplemental Report and Recommendation is adopted as the Order of the Court, and Defendant's Request to Produce Rebuttal Witnesses is denied.

Defendant's objections and adopts the Report as the Order of the Court.

   *A. Search of September 9, 2005*

The Court concludes the warrantless search of Defendant's residence on September 9, 2005, was justified by exigent circumstances. "'Warrants are generally required to search a person's home or his person unless 'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment.'" Brigham City, Utah v. Stuart, 547 U.S. 398, 403 (2006) (quoting Mincey v. Arizona, 437 U.S. 385, 393-94 (1978)). "One exigency obviating the requirement of a warrant is the need to assist persons who are seriously injured or threatened with such injury." Id.

Lieutenant David Johnson of the Greene County Sheriff's Department testified that he was working on September 9, 2005, when he received a call that a female had been injured during a domestic assault at Defendant's residence. He further testified that upon his arrival at the residence he was told that the victim had reported to officers on the scene that her live-in boyfriend was still inside the residence, and was holding some other people against their will with a handgun.[2] Lieutenant Johnson and other officers surrounded the house and attempted contact by bullhorn. Defendant came out onto the porch shining a spotlight and taunting the officers. He was eventually subdued with a taser gun. The officers then went into the house and conducted a protective sweep to clear the house of victims and/or suspects. The officers' entry into the house was reasonable based on the injured victim's statement that there were people in the house being held against their will. During the protective sweep of the house, officers saw several items in plain view, including syringes, a small amount of methamphetamine, and ammunition. Additionally, an occupant of the house informed

---

[2] Defendant made several objections during the suppression hearings based on hearsay. "Although not admissible at trial, the district court may rely on hearsay evidence at a suppression hearing." United States v. Jones, 533 F.3d 964, 969 (8th Cir. 2008). Therefore, Judge England did not err in relying on hearsay testimony in recommending that Defendant's Motion to Suppress be denied.

2

the officers there were guns in the residence and that one belonged to Defendant.

   *B. Search of September 10, 2005*

The items seen in plain view and the information obtained from occupants of the residence during the search on September 9th formed the basis for a search warrant dated and executed September 10th. Ammunition, firearms, methamphetamine, and drug paraphernalia were found. Defendant contends this evidence must be suppressed because the information in the search warrant was based on information obtained during the illegal search on September 9th. As discussed, the search on September 9th was lawful because it was based on exigent circumstances and the evidence discovered was in plain view.[3] Therefore, the warrant was supported by probable cause and the additional evidence found was properly seized.

   *C. Search of November 16, 2005*

Defendant challenges the validity of a search warrant issued on November 16, 2005. Corporal Darrel Adkins of the Greene County Sheriff's Department testified that on November 16, 2005, he interviewed Kristin Parker, Defendant's girlfriend, after she reported that she had been assaulted by Defendant. She reported that Defendant had assaulted her with a knife, a tequila bottle, and his hands. She stated that Defendant had held her captive for three days, and that she had escaped when he left the house to attend a Department of Family Services meeting about his children. The officers photographed her injuries, which included numerous cuts and bruises that they concluded to be signs of a recent assault. A search warrant was issued based on information obtained during the interview with Ms. Parker to find evidence of the assault. The Court concludes the search warrant was supported by probable cause. The Court

---

[3] Defendant alleges that Officer Jim Stanley testified that some evidence was found in jewelry boxes and canisters and was therefore not in areas that should be viewed during a protective sweep. Defendant's allegations are incorrect. Officer Stanley repeatedly reiterated that the officers who conducted the protective sweep had stated that the contraband was in plain view. Defendant's request for hearing under Franks v. Delaware, 438 U.S. 154 (1978), is denied.

3

also agrees that the officers were acting in good faith reliance on the search warrant issued by a neutral judge. Thus, even if probable cause was lacking the evidence should not be suppressed. See United States v. Leon, 468 U.S. 897, 923 (1984).

### D. Search of December 22, 2005

Defendant contends the search of his residence on December 22, 2005, was illegal because it was not based on valid consent. Captain Randall Gibson of the Greene County Sheriff's Department testified that he received information that Kristin Parker had again reported that she had been assaulted and kidnaped by Defendant. Captain Gibson testified that he had prior experience with Ms. Parker involving several altercations with Defendant at the same residence. He testified that he knew she was Defendant's girlfriend and that he believed she lived with him. She bore obvious signs of injury. She reported that she had been held against her will at the residence and had been subjected to continuous violent assaults with a knife, sword, and chain. Captain Gibson sought and obtained Ms. Parker's written consent to search the house. The search revealed a plastic makeup bag with dried blood on it, the knife that Ms. Parker described, and several rounds of ammunition. Defendant argues that Ms. Parker did not live at his residence and therefore could not give valid consent to search it. However, based on Captain Gibson's prior experience with Ms. Parker and Defendant, he reasonably believed she lived at Defendant's residence and could provide valid consent. Therefore, the search was lawful and there is no basis to suppress the evidence derived therefrom. See United States v. Elam, 441 F.3d 601, 603 (8th Cir. 2006).

### E. Statements on January 24, 2006

Defendant argues that statements he made to law enforcement after his arrest on January 24, 2006, must be suppressed because he did not knowingly waive his Miranda rights. He states that he is a diabetic and was debilitated by a problem with his blood sugar.

Officer Dan Fridley of the Department of Arms, Tobacco, and Firearms testified

Case 6:06-cr-03036-ODS   Document 90   Filed 12/03/08   Page 4 of 5

that he picked Defendant up from the Nevada Police Department and transported him back to Greene County. He read Defendant his Miranda rights, Defendant acknowledged that he understood them, and he stated he was willing to speak to the officer. During the 90-minute car ride Defendant made several incriminating statements to Officer Fridley. Officer Fridley testified that Defendant did not appear to be impaired or ill and he was able to comment on events that had taken place two months prior, as well as recently. He also testified that he did not know Defendant was a diabetic and that Defendant never complained that he was feeling dizzy or was close to passing out.

     Defendant called Tracy Glenn to the witness stand. She was employed as an LPN at the Greene County Jail. She saw Defendant on intake and he was combative. Defendant's blood sugar was high, so she ordered insulin. She testified that everyone reacts differently to high blood sugar, but generally a person might exhibit no symptoms or symptoms ranging from confusion to coma. She testified that nothing about Defendant's condition that day stood out in her mind. There is no evidence that Defendant made statements involuntarily or that his will was overborne due to his high blood sugar. See United States v. Brown, 535 F.2d 424, 427 (8th Cir. 1976). Therefore, there is no basis to suppress Defendant's statements.

     Accordingly, Judge England's Report and Recommendation is adopted as the Order of the Court, and Defendant's Motion to Suppress is denied.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, JUDGE
DATE: December 2, 2008                  UNITED STATES DISTRICT COURT